EDWARD HITCHINGS & another *vs.* SETH C. ELLIS.

Two parties agreed that for three years one should furnish lumber at a given place and of a certain kind and quantity, and carry the articles manufactured to a railroad station, an I the other should manufacture the lumber into doors and blinds, be allowed a certain price therefor, and manage the business of selling them, and divide the profits, after pay · ment of the freight and expenses, with the first party. *Held,* that this did not make th ı parties partners among themselves; that the first party was entitled to his share of th ı profits within a reasonable time after the other had received the money for sales, without waiting until the expiration of the three years, and might recover it by action for money had and received.

ACTION OF CONTRACT. Writ dated December 30th 1855. The declaration contained two counts : one for money had and received according to an account annexed ; the other upon the following agreement, signed by the parties :

" Potsdam, December 16th 1863. Memorandum of an agreement entered into by and between Hitchings & Kent of the town of Norfolk, county of St. Lawrence, State of New York, of the first part ; and S. C. Ellis of the town of Potsdam,

county of St. Lawrence, State of New York, of the second part. To wit —

" Said Hitchings & Kent, of the first part, hereby agree to furnish said Ellis, of the second part, with good pine lumber, delivered at any point or shop in the town of Norfolk, or at the Potsdam station, in sufficient quantities from time to time, as will employ twenty men to work one or more of Ellis's best door machines, at the rate of forty cents for each common form panel door, and draw the doors from the shop to the Potsdam railroad station, and deliver the same in good order and condition, so fast as they may be wanted for sending to market by the car load. It is further agreed that Hitchings & Kent will not send any green lumber from the mill, nor until said boards have been on the stocks or crosspiled two months, for said Ellis to work ; and that said lumber shall be of good thickness and suitable for the business, and a fair average lot of lumber for the business ; for the term of three years from the first day of January eighteen hundred and fifty four.

" Said S. C. Ellis, of the second part, agrees to use all the lumber which Hitchings & Kent may send to his shop, suitable for to make good doors, in a good workmanlike manner, suffering no waste of the lumber, and the like care of the small pieces of boards which may be suitable for sash or blinds ; either work them up in the shop, or bundle them up for the market ; and is to receive the price of forty cents per door for making each, and also receive a fair compensation for taking care of all the small pieces. Said Ellis further agrees to manage the business in the sale of the doors, and divide the profits, if there should be any, after deducting the freight and expenses out in the transportation from Potsdam station to market. It is further agreed that said Ellis will run his machine for the term of three years from the first day of January eighteen hundred and fifty four, unless there is a mutual agreement by both parties to suspend the operations. It is further agreed and understood that said Ellis will employ so many men to work said lumber as the size of the shop will admit of to advantage."

The declaration, after setting out the contract, alleged that the

plaintiff had performed it on his part; but the defendant had sold a large number of doors, window frames and blinds manufactured under it, for which he had refused to account, and now owed the plaintiff, according to the account annexed.

At the trial in the superior court of Suffolk at January term 1858 the making of the contract was admitted; and the plaintiffs offered evidence that the parties afterwards verbally agreed to modify the contract as to the quantity of lumber to be supplied and the kind of doors to be made, and by stipulating that the doors should be taken in an unfinished state to a shop, to be procured by the defendant, near Boston, and there finished, the small waste pieces should be forwarded to Boston by the plaintiffs and wrought up by the defendant into window blinds, and the profits, both of doors and blinds, after paying freight and expenses, should be divided equally between the parties; that the defendant hired the shops, paid the rent, employed and paid the men in his own name, and the plaintiffs hired and paid the men employed and expenses incurred in drawing the lumber to the mill and the doors from it; and that the parties went on under the modified contract until the end of October 1855, when the plaintiffs attached the stock of lumber in the defendant's hands, in a suit like this, which was afterwards discontinued.

*Huntington,* J., for the purposes of the trial, ruled that the action could not be maintained, because the parties were copartners, and because the three years mentioned in the contract had not expired when it was brought. The plaintiffs submitted to a verdict for the defendant, and alleged exceptions.

*H. Farnam Smith,* for the plaintiffs.

*A. A. Ranney,* for the defendant, cited to the point that the parties were partners, Collyer on Part. §§ 18, 28, 35, 44; *Denny* v. *Cabot,* 6 Met. 82; *Bradley* v. *White,* 10 Met. 303; *Holmes* v. *Old Colony Railroad,* 5 Gray, 58; and to the points that the action was prematurely brought, and the plaintiffs could not recover under the count for money had and received, *Earle* v. *Kingsbury,* 3 Cush. 210; *Milldam Foundry* v. *Hovey,* 21 Pick. 417.

DEWEY, J. 1. This was not a case of copartnership, but a contract by the defendant for the manufacture of certain articles from the lumber furnished by the plaintiff. Each of the parties was a principal in the contract, and stipulated with the other for the performance of certain acts. The amount of compensation to which each was entitled was stated in the contract, with a further provision that, after paying those sums, the net profits accruing from the sales of the manufactured articles should be equally divided. The question before us is solely of a partnership *inter sese*, and not of their joint liability to third persons. The contract may therefore be construed more liberally in reference to the actual understanding of these parties and the purposes they had in making the contract. Looking at the terms of the contract, and applying the rules of law held applicable to analogous cases, the court is of opinion that the objection to the present action that it is a suit by one copartner against his associate copartner is not well taken.

2. It is further urged that this action, having been instituted before the expiration of the three years during which the contract was to continue, was prematurely brought. Upon this point we are of opinion that the time of payment for money received from the sales of the manufactured articles was not postponed to the expiration of the entire contract. That would be an unreasonable construction of the contract, and is not to be adopted. On the contrary, the parties must have contemplated that payments should be made to the plaintiffs, from time to time, after sales were made. From the nature of the business, these sales would be in large quantities, and moneys received in corresponding amounts. The proper view to be taken of this contract is that the defendant was bound to pay over such sums as were due from him to the plaintiffs on account of money received from the sales of the articles manufactured, within a reasonable time after the same were received by him.

3. A further objection was taken to the form of the declaration, as applicable to the entire demand of the plaintiffs. As to this, it is a sufficient answer to say that under a general count for money had and received, with a proper bill of particulars, the

plaintiff may recover any money in the hands of the defendant due to him under the modified contract, and which does not accrue under the special written contract. If any amendments are necessary however, they can be made hereafter.

*Exceptions sustained.*